IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CITY OF GALAX, VIRGINIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:18-cv-00617 |
| | ) | |
| PURDUE PHARMA, L.P., | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This opinion is being entered in this case, and the eleven cases on Appendix A hereto, in order to address nearly identical motions in all twelve cases.[1] Each of these substantially similar cases was filed in state court and removed by at least one defendant. Each involves claims by a single plaintiff—a locality in the Commonwealth of Virginia—against four groups of defendants: (1) manufacturers of various opioid pain medications; (2) distributors of those medications; (3) pharmacy benefit manager (PBM) defendants; and (4) Doe defendants. Each plaintiff alleges that some or all defendants misrepresented the safety and the addictive properties of prescription opioids and engaged in conduct that resulted in prescription opioids being over-distributed and over-prescribed, such as failing to report or halt suspicious orders and encouraging doctors to over-prescribe. All of the claims asserted in the complaints are couched as causes of action under state law, although the defendants who removed the cases or who join in removal (the Removing Defendants) argue that the claims involve federal questions sufficient to invoke this court's federal-question jurisdiction.

---

[1] There are some important differences in the cases relevant to the pending motions, which are discussed in the background section of this opinion.

Pending before the court are three motions in each case: (1) plaintiff's motion to remand; (2) plaintiff's motion to expedite, which seeks expedited treatment of the motion to remand; and (3) Removing Defendants' motion to stay, which asks the court to stay the case and delay consideration of the motion to remand pending a decision by the Judicial Panel on Multidistrict Litigation (JPML) on whether these cases will be transferred to a pending multi-district litigation action, *In re: Prescription Opiate Litigation*, MDL No. 2804 (the Opiate MDL). The motion to expedite has effectively been granted, in part, because the court implemented an expedited briefing schedule and held an early hearing; it will otherwise be denied as moot. The motions to remand and motions to stay are fully briefed and were argued before the court on January 17, 2018. Subsequently, a number of notices of "supplemental authority" have been submitted by the parties, informing the court of decisions on like motions in similar cases.

For the reasons set forth herein, in all cases except the case brought by the City of Martinsville, *City of Martinsville, Va. v. Purdue Pharma, L.P.*, No. 4:18-cv-72 (W.D. Va.), the court will grant the motions to stay. With regard to *City of Martinsville*, the court does not have jurisdiction over that case, and thus, the court will grant the motion to remand in that case only.

I. BACKGROUND

**A. Complaint's Allegations**

According to plaintiff, it seeks injunctive relief and damages for the "costs it has incurred and continues to incur as a direct result of Defendants' purposeful scheme to facilitate and profit from improper opioid utilization." (Pl.'s Mot. Remand 1, Dkt. No. 6.)[2] Plaintiff brings claims against some or all defendants for public nuisance, violation of the Virginia Consumer Protection Act, Virginia Code Annotated § 59.1-196, *et seq.*, fraud, common law conspiracy, various forms of

---

[2] References to docket entries are to the *City of Galax* case, unless otherwise noted.

negligence, and unjust enrichment. Two of the negligence per se claims are based on alleged violations of the Virginia Drug Control Act and the federal Controlled Substances Act.

**B. Differences In Purported Jurisdictional Bases for Removal**

At the outset, there are some procedural differences between the cases that warrant an explanation. In the original notices of removal, the Removing Defendants asserted that removal was proper under the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332(d)(2) and 1453, and under this court's federal-question jurisdiction, 28 U.S.C. § 1441(a). This was true in all of the cases except *City of Martinsville, Va. v. Purdue Pharma, L.P.*, No. 4:18-cv-72. In that case, which is the only case in which defendants have been served, the Removing Defendants removed only on CAFA grounds. (*City of Martinsville*, No. 4:18-cv-72, Notice of Removal, Dkt. No. 1.)

The court presumes that the decision to assert only CAFA as the basis for jurisdiction in the *City of Martinsville* case was prompted by the fact that defendant Mylan Pharmaceuticals Inc. (Mylan) opposes removal. Although removal under CAFA is permitted by any defendant without the consent of all defendants, 28 U.S.C. § 1453(b), removal based on federal-question jurisdiction or diversity jurisdiction is permitted only if "all defendants who have been properly joined *and served* . . . join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). In the other eleven cases, because the defendants (including Mylan) had not been served at the time of removal, Mylan's lack of consent did not preclude removal on the basis of federal-question jurisdiction.[3]

---

[3] Mylan complains that the removal in the other cases violated at least the spirit of the unanimity requirement, particularly because the Removing Defendants knew Mylan would not consent to removal. Nonetheless, Mylan's counsel made clear at the hearing that it was not raising a procedural challenge based on a lack of unanimity to the removal. Nor has any plaintiff challenged removal on that basis. Such a challenge is waivable and is not jurisdictional. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006) (holding that non-compliance with the rule of unanimity is a waivable "error in the removal process," rather than a defect in subject-matter jurisdiction).

3

In two of the twelve cases, Mylan is not a defendant.  *See Buchanan Cty., Va. v. Purdue Pharma, L.P.*, No. 1:18-cv-00047; *Dickenson Cty., Va. v. Purdue Pharma, L.P.*, No. 2:18-cv-00048.  In only those two cases, the Purdue defendants (Purdue Pharma, L.P., Purdue Pharma, Inc., and the Purdue Frederick Company, Inc.) have filed a supplemental notice of removal asserting that the non-diverse defendants are fraudulently joined and that, absent those defendants, the court has diversity jurisdiction.  A very similar supplemental notice of removal has been filed by a separate defendant in the other nine cases (but not in the two in which Purdue filed or in *City of Martinsville*).

The most important end result of the foregoing is that all three bases of jurisdiction are asserted in all of the cases except *City of Martinsville*, in which only CAFA jurisdiction is offered as a basis for jurisdiction.

## C. Opiate MDL Litigation and Removing Defendants' Motion to Stay

The court next discusses the factual background underpinning the motions to stay.  A number of similar cases have been filed in state and federal courts across the country.  Many of those cases have been transferred to the Opiate MDL.  A conditional transfer order (CTO) applicable to all twelve cases before this court was entered by the JPML on December 27, 2018. *In re: Prescription Opiate Litig.*, MDL No. 2804, Dkt. No. 3321 (CTO-73) (also docketed here as Dkt. No. 22-1).  Timely objection was made to the CTO on January 3, and the issue now has been briefed before the JPML.  If a final transfer is ordered, it is likely that it will occur after the next meeting of the JPML, which is scheduled for March 28, 2019.  *Hearing Information*, JPML, https://www.jpml.uscourts.gov/hearing-information (last visited Feb. 13, 2019).

The existence of a CTO does not prevent this court from ruling on the motion to remand. *See* J.P.M.L. Rule of Procedure 2.1(d) ("The pendency of a conditional transfer order . . . before

4

the Panel . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.") If and when a final transfer order is issued, however, this court will have no authority to address the motions to remand. The Removing Defendants' motions to stay ask the court to stay a decision on the pending motions to remand until after a final transfer order is issued. Especially because all parties seem to believe it is likely that the cases will get transferred absent any action by this court, the motions to stay effectively request that this court allow the MDL court to rule on the motions for remand.

## II. DISCUSSION

**A. Motions to Stay**

The Removing Defendants urge the court apply the "general rule" that motions to stay in this circumstance are generally granted and simply stay these cases. (Mem. Supp. Mot. Stay 8, Dkt. No. 22 (quoting *Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-cv-00003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012)).) Unlike the Removing Defendants, the court does not view the statement in *Robinson* as an default rule that precludes or discourages consideration of the merits of a remand motion in the face of a CTO.

Instead, the court concludes that the better approach is one in which the court first gives "preliminary scrutiny to the merits of the motion to remand." *Walker v. New England Compounding Pharmacy Inc.*, No. 7:12-cv-564, 2013 WL 1871343, at *3 (W.D. Va. May 3, 2013) (quoting *Meyers v. Bayer A.G.*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001)). If that preliminary assessment suggests improper removal, the court should complete its analysis and remand the case, if appropriate. *Id.* at *2 (citation omitted). If, however, the jurisdictional question appears "factually or legally difficult" and similar jurisdictional questions are likely to be raised in other

cases in the MDL, then a stay may well be preferable, but the court nonetheless looks to the factors underlying a motion to stay. *See id.*

Here, with regard to all of the cases except *City of Martinsville*, there are three potential bases asserted for removal. The court has given preliminary consideration to the jurisdictional issues and concludes that the question of whether diversity jurisdiction exists here, which involves issues of fraudulent joinder and improper joinder, is factually or legally complicated.[4] It is likewise clearly similar to the types of jurisdictional issues that the MDL court has before it already or is likely to encounter.

Accordingly, for those eleven cases, the court looks to the general factors governing whether a stay is appropriate: (1) the length of the stay; (2) the hardship the movant would face if the stay were denied; (3) the burden of the stay on the nonmovant; and (4) whether the stay would promote judicial economy by avoiding duplicative litigation. *Walker*, 2013 WL 1871343, at *3 (citation omitted). The parties devoted much of their briefing on the stay to a discussion of these factors, and they have starkly contrasting views on them. But the court substantially agrees with most of the analysis on the stay factors set forth in one recent, similar Eastern District of Virginia case. *See City of Alexandria v. Purdue Pharma, L.P.*, No. 1:18-cv-01536 (E.D. Va. Jan. 30, 2019) (order staying case).

As to the first factor, the length of any stay of proceedings is likely to be short. As already noted, the final transfer order should be issued in the next month or so, after the March 28, 2019 JPML hearing. Such a delay is brief. It is more difficult to ascertain the length of any delay in ruling on the motion to remand. But the motion certainly will be addressed at some point, so both

---

[4] The court has grave doubts about whether federal-question jurisdiction exists in these cases, but it need not address that issue given the procedural posture of this case. That is, as already noted, all of the cases except *City of Martinsville* have been removed on all three jurisdictional grounds, and *City of Martinsville* has been removed only based on CAFA.

6

judicial economy and consistency are served by allowing a single court—the Opiate MDL court—to address the jurisdictional issues.

With regard to the hardship the movant would face, the court concludes that the Removing Defendants would face some hardship if the stay were denied. As recognized in the *City of Alexandria*, "[m]any defendants in this case are defendants in a multitude of other similar pending cases throughout the [country]. Not staying the case may result in inconsistent decisions on repeated questions of law and fact in similar cases [in] which Defendants are involved." *Id.* at 4.

As to the third factor, there is some hardship to plaintiffs, at least insofar as it is likely that staying (which will result in the MDL court deciding the remand motions) may mean that it takes longer to obtain a ruling on their motions to remand. If there is federal jurisdiction, then obviously there is little prejudice to plaintiffs from such a delay because their cases would have been properly transferred to the MDL and would be before that court regardless. But even if jurisdiction is lacking, the court concludes that the hardship to plaintiffs is outweighed by the "benefit of judicial efficiency and avoidance of inconsistent rulings," as contemplated by the fourth factor. *City of Alexandria*, No. 1:18-cv-01536, at *6. The fourth factor of judicial economy clearly would be served by a single court addressing the jurisdictional motions (and the numerous similar motions in other cases already in the Opiate MDL).

For all of these reasons, the court will stay these cases, except for *City of Martinsville*. As noted, the *City of Martinsville* case is on different footing because the *only* basis for jurisdiction is CAFA. Because even a preliminary examination of purported CAFA jurisdiction convinces the court that no such jurisdiction exists here, the court will grant the motion to remand in that case only.

The court acknowledges that its ruling will result in a lack of uniformity among the cases before it. The court also recognizes that there are other cases in which courts have stayed and are allowing the Opiate MDL court to determine whether CAFA jurisdiction is proper, rather than wading into the waters of CAFA jurisdiction. (Dkt. No. 62 (collecting authority in Ohio, Illinois, and Missouri in which courts have granted motions to stay in lawsuits where CAFA was a basis for removal jurisdiction).)[5] But this court will not continue to assert jurisdiction over a case where it finds it plainly lacking. Moreover, the lack of uniformity—at least among the cases pending before this court—is largely the result of the Removing Defendants' decision to remove prior to service, thereby circumventing the unanimity requirement for removal on the basis of federal-question jurisdiction and diversity jurisdiction.[6]

## B. CAFA Jurisdiction

"CAFA 'expanded the jurisdiction of the federal courts to allow class actions originally filed in state courts that conform to particular requirements to be removed to federal district

---

[5] The Removing Defendants have not identified whether the claims in those cases were asserted pursuant to a state rule or statute comparable to Federal Rule of Civil Procedure 23 or whether such a state rule even exists. The court's own research reflects, however, that each of those states—unlike Virginia—does have a comparable state rule. *See Dale v. DaimlerChrysler Corp*, 204 S.W.3d 151, 161 (Mo. Ct. App. 2006) ("Rule 23 and [Missouri Supreme Court] Rule 52.08 are essentially identical."); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 819 (Ill. 2005) (explaining that "Section 2-801 of the [Illinois] Code of Civil Procedure . . . is patterned after Rule 23 of the Federal Rules of Civil Procedure"); *Sutherland v. ITT Residential Capital Corp.*, 702 N.E.2d 436, 443 & n.1 (Ohio Ct. App. 1997) (noting that the Ohio Civil Rule 23 is mostly "identical" to Federal Rule of Civil Procedure 23). This distinction matters a great deal given CAFA's requirements, discussed in the next section.

[6] As discussed in the procedural background, had defendant Mylan been served prior to the filing of a Notice of Removal by the Removing Defendants, Mylan would not have given its consent for removal, which would have precluded removal on the grounds of diversity or federal-question jurisdiction, just as it did in *City of Martinsville*. But Mylan had not been served, and thus, under the plain wording of 28 U.S.C. § 1446(b), its consent was not required. 28 U.S.C. § 1446(b)(2)(A) (allowing removal on the basis of federal-question jurisdiction or diversity only if "all defendants *who have been properly joined and served* . . . join in or consent to the removal of the action") (emphasis added). Accordingly, plaintiffs' counsel's decision to serve only one of these cases—a decision for which they have provided rational explanations—allowed the Removing Defendants to follow the letter of the removal statute and render the removal technically correct. The court notes, though, that the purposes behind the unanimity rule are not served by the type of gamesmanship that occurred here.
In any event, as explained *supra* at note 3, the unanimity requirement is non-jurisdictional and subject to waiver, and Mylan conceded at the hearing that it was not making the argument that removal was improper based on its lack of consent.

courts.'" *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213–14 (2d Cir. 2013) (citation omitted). The Removing Defendants assert that jurisdiction is proper under CAFA because this case is a "class action" as defined under CAFA.[7]

To qualify as a CAFA "class action," a suit must satisfy a number of requirements. First, it must meet the definition of a "class action" under CAFA: "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

If that threshold requirement is satisfied, then three additional requirements apply: (1) the proposed class must contain at least 100 members (the "numerosity" requirement); (2) minimal diversity must exist between the parties, *i.e.*, ("any member of a class of plaintiffs is a citizen of a State different from any defendant; "); and (3) the aggregate amount in controversy must exceed $5,000,000. 28 U.S.C. § 1332(d)(2)–(6).

The Removing Defendants contend that this action is a class action because it is, in effect, brought on behalf of the residents of the City of Martinsville. (Notice of Removal ¶ 16, *City of Martinsville*, No. 4:18-cv-72, Dkt. No. 1 ("The City's alleged injuries derive from its residents' injuries and cannot be separated from those injuries.").) First of all, this statement is not an accurate characterization of the complaint. Instead, this lawsuit seeks damages and other relief for injuries directly incurred by the plaintiff. The fact that the complaint also references harms to its residents does not transform the complaint into a representative action, nor may the court engage in a claim-by-claim approach to determine the plaintiff's interest in the suit. Instead, the Fourth Circuit has instructed "the court to consider the complaint in its entirety and decide from

---

[7] CAFA jurisdiction may also be based on a "mass action." No Removing Defendant has argued that this is a "mass action," however, and so the court need not address that category further.

the nature and substance of its allegations what interest the [plaintiff] possesses in the lawsuit as a whole." *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 391 (4th Cir. 2012). Doing so here leads the court to conclude that the City is not asserting claims as a representative member of a class.

But even if the lawsuit were brought entirely on behalf of the residents, that would not render it a CAFA class action. *West Virginia ex rel. McGraw v. CVS Pharm., Inc.*, 646 F.3d 169, 172 (4th Cir. 2011) (hereinafter *CVS Pharm.*) (holding that a *parens patriae* case was not removable under CAFA as a class action).[8] Quite simply, it was not filed under Federal Rule of Civil Procedure 23, and Virginia does not have a similar state statute or rule that authorizes "an action to be brought by 1 or more representative persons." *Casey v. Merck & Co.*, 722 S.E.2d 842, 846 (Va. 2012) ("Virginia jurisprudence does not recognize class actions."). To be a "similar" state statute or rule to Rule 23, a provision must, at a minimum, provide a procedure binding on behalf of the named plaintiff and also binding on behalf of all others in the class. *CVS Pharm.*, 646 F.3d at 175. As the Fourth Circuit has explained in another case where a state was asserting claims on behalf of its individual citizens, "for a representative suit to be a class action, the representative party 'must be part of the class and possess the same interest and suffer the same injury as the class members.'" *CVS Pharm.*, 646 F.3d at 175–76.

Removing Defendants have not shown that these requirements are satisfied here. That is, even if Removing Defendants were correct that the claims are effectively being brought on behalf of residents, and the residents are the members of the class, the claims are not brought pursuant to any state class action rule or statute because there is none in Virginia. Nor are the claims based

---

[8] Removing Defendants assert that plaintiff's reliance on cases such as *Au Optronics* and *CVS Pharmacy* is misguided. The court recognizes that those cases were brought by states (who may bring a *parens patriae* case) and not localities, and so are distinguishable on that basis. Nonetheless, their reasoning regarding what can qualify as a CAFA class action is relevant here.

10

on a rule or statute that would bind each resident or citizen of the City. Critically, moreover, the City of Martinsville would not be a "member" of such a class, its claims would not be typical of the class, and it did not suffer the same injury as other class members.

For the foregoing reasons, the court concludes that *City of Martinsville* is not removable under CAFA. This court lacks jurisdiction in that case and must remand. Accordingly, in the *City of Martinsville* case only, the court will grant the motion to remand and deny all other motions.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. In this case and all cases listed on the attached Exhibit A, the motions to expedite are GRANTED IN PART and otherwise DENIED AS MOOT.

2. In this case and all of the cases listed on the attached Exhibit A, except for the *City of Martinsville* case, the respective motions to stay are GRANTED. Those cases are all STAYED temporarily pending a decision by the JPML as to whether those cases will be transferred to the Opiate MDL.

3. In the *City of Martinsville* case *only*, the motion to remand is GRANTED, and the case is hereby REMANDED to Martinsville Circuit Court. The clerk is further directed to terminate only the *City of Martinsville* case from the active docket of this court.

Entered: February 14, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

# Appendix A

### Abingdon Division

1:18-cv-00046-EKD
Washington County, Virginia v. Purdue Pharma, L.P., *et al.*

1:18-cv-00047-EKD
Buchanan County, Virginia v. Purdue Pharma, L.P., *et al.*

### Big Stone Gap Division

2:18-cv-00048-EKD
Dickenson County, Virginia v. Purdue Pharma, L.P., *et al.*

2:18-cv-00049-EKD
Lee County, Virginia v. Purdue Pharma, L.P., *et al.*

2:18-cv-00050-EKD
City of Norton, Virginia v. Purdue Pharma, L.P., *et al.*

### Danville Division

4:18-cv-00070-EKD
Pittsylvania County v. Purdue Pharma, L.P., *et al.*

4:18-cv-00071-EKD
Henry County, Virginia v. Purdue Pharma, L.P., *et al.*

4:18-cv-00072-EKD
City of Martinsville, Virginia v. Purdue Pharma, L.P., *et al.*

### Harrisonburg Division

5:18-cv-00147-EKD
Page County v. Purdue Pharma, L.P., *et al.*

### Roanoke Division

7:18-cv-00618-EKD
Giles County v. Purdue Pharma, L.P., *et al.*

7:18-cv-00619-EKD
Montgomery County v. Purdue Pharma, L.P., *et al.*